IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER BRIGGS LEE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BALTIMORE, et al., <br><br> Defendants. | Civil Action No.:  SAG-24-465 |

**MEMORANDUM**

Pursuant to this Court's April 5, 2024 Order, Plaintiff Christopher Briggs Lee filed an Amended Complaint and Motion to Proceed in Forma Pauperis.  ECF No. 5, 6.  Because Plaintiff appears indigent, his Motion will be granted.  However, for the reasons discussed below, the Amended Complaint must be dismissed.

Plaintiff, who states he is currently serving a Maryland sentence in home detention, sues the City of Baltimore, the State of Maryland, and the United States of America.  In the Amended Complaint, Plaintiff reiterates his original allegations that recorded interviews conducted by Detective Howard Sabb were not provided to him at his 2022 trial in the Circuit Court for Baltimore City.  ECF No. 5 at 4.  Plaintiff contends that failure to provide these interviews, which he alleges contained exculpatory evidence, violated his Fourteenth Amendment rights and *Brady v. Maryland*, 373 U.S. 83 (1963).  *Id.* at 4-5.  He asserts that Defendants are liable because State's Attorney Michael C. Fiorenze negligently handled his case.  *Id.* at 5.  Plaintiff seeks monetary damages.  *Id.* at 6.

As noted, Plaintiff filed this Amended Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without

prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations…It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Plaintiff's allegations regarding the evidence allegedly withheld during his state criminal prosecution constitute a challenge to the legality of his conviction.  However, the Supreme Court has held that challenges to a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  As Plaintiff states that he is presently serving his sentence in home detention, there is no indication that his conviction has been overturned.  Accordingly, Plaintiff's allegations that there was a *Brady* violation in his criminal case and that his Fourteenth Amendment rights were violated are barred by *Heck*.

For these reasons, by a separate Order which follows, the Amended Complaint will be dismissed without prejudice.

Dated: June 7, 2024

_____/s/_____
Stephanie A. Gallagher
United States District Judge